Tompkins, J.,
delivered the opinion of the Court.
In this case a petition for re-hearing is filed, for the following reasons s
First. That in the view which the Court has taken of the evidence spread on the record, in the bill of exceptions, in this case, the Court seems not to have adverted to this fact, to-wit: that the frame and rollers were not included in the assignment of the lot in question, by said Simon Philipson to said defendant; and it is suggested that parol testimony cannot be admitted to prove that fact.
Second. That the Court seems to have mistaken the evidence, in this, that in the opinion given, it was stated, that the frame (the frame containing thé rollers) “was fastened and steadied by wedges and braces to some parts of the house;” whereas, by the evidence, it appears, that the lower frame rested on .Hags, and the upper frame rested on the lower, and was therein steadied by wedges.
Third. That the Court seems not to have adverted to the fact proved, that the frame and rollers were made by the plaintiff, and never ceased to be his distinct property, and that he could, at any time, have claimed and recovered them from *446 Joseph Philipson, and, therefore, are not an original component part of said mill or brewery.
First. In answer to the first reason, the Court says, that on a review of the opinion, it finds the counsel mistaken in a matter of fact. On the second page of the opinion are these words : “the assignment spoken of here, made by Simon Philipson to John Mullanphy, is not clearly shown, but we will suppose it to be the deed of Joseph and Simon Philipson to Mullanphy, which is simply a deed of land, and the appurtenances, &c., thereto belonging, without any mention of a brewery.” The Court did not say, that by this deed the rollers passed to John Mullanphy; but the Court said, that the rollers and frame were leased by John Mullanphy to Simon Philipson, itbeing attached to and constituting a part of the brewery at the time Simon accepted the lease.
Second. The opinion of the Court was made up, after an attentive perusal of the evidence contained in the bill of exceptions, and with a full knowledge of the situation,of the frame in which the rollers were placed. Opinions are written after they are formed, and the inaccurate statement of the evidence is to be attributed to the weakness of the memory. It may he observed, that the. Court did not decide the rollers and frames to he fixtures, because they were supposed to be fastened and steadied by wedges and braces to some other part of the house, but for another reason. The Court, in the opinion, did not advert to the case of Cresson and others v. Stout, from 17 Johnson, because that case did not aid the plaintiff in error. In that case, the Judge, in his opinion, expressly states, that the machinery in question there became personal property by severance, and as such, belonged to the plaintiffs, who owned the reality from which it was severed.
Third. The counsel is mistaken in supposing that the Court did not advert to the evidence of the property Simon Philipson once had in the rollers and frame; hut the Court is not willing to draw from that evidence, the same conclusions of law*
The petition is not granted.